Filed 2/16/24  One Museum Square v. Superior Court CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| ONE MUSEUM SQUARE, LLC,<br><br>     Petitioner,<br><br>     v.<br><br>THE SUPERIOR COURT OF<br>LOS ANGELES COUNTY,<br><br>     Respondent;<br><br>THE WESTERN SURETY COMPANY,<br><br>     Real Party in Interest. | B331272<br><br>(Los Angeles County<br>Super. Ct. No. 22STCV14308) |

ORIGINAL PROCEEDINGS in mandate.  Maureen Duffy-Lewis, Judge.  Petition granted.

Roshanian Payman and Tamineh Roshanian for Petitioner.

No appearance for Respondent.

No appearance for Real Party in Interest.

————————————————————

This proceeding involves the propriety of the trial judge's honoring a peremptory challenge under Code of Civil Procedure section 170.6[1] (§ 170.6) from a late-appearing cross-defendant. The particular question presented is whether the trial court had already decided contested matters in the litigation so as to preclude any further § 170.6 challenges. (§ 170.6, subd. (a)(2).)

Petitioner here is plaintiff One Museum Square, LLC (One Museum Square). It owns a building that was undergoing construction. Due to alleged waterproofing defects, One Museum Square, with an assignment of rights from the general contractor, filed an action against subcontractor Danny Letner, Inc. (Letner). Letner cross-complained, seeking to enforce a mechanic's lien on the property and filed a lis pendens.

One Museum Square moved to expunge the mechanic's lien and the lis pendens. The trial court agreed to expunge the lis pendens but failed to address the mechanic's lien. Upon One Museum Square's petition for a writ of mandate in case No. B325330, this court issued an alternative writ directing the trial court to vacate its order expunging the lis pendens and set a hearing to consider the full relief requested by One Museum Square.

Thereafter, the general contractor filed a cross-complaint in the action and named as a cross-defendant the surety company that had issued a performance bond in Letner's favor. When the surety company appeared in the action it filed a § 170.6 challenge to the trial judge, who accepted it. One Museum Square filed the instant petition for a writ of mandate from this court challenging that acceptance, but its petition was denied. One Museum Square sought review by the California Supreme Court, which granted review of the matter and transferred it back to this court. The Supreme Court directed that an order to show cause issue as to why the relief sought in the petition should not be

---

[1] Undesignated statutory references are to Code of Civil Procedure.

2

granted.  The Supreme Court also issued a stay of the action pending a resolution of this proceeding.

An order to show cause issued, directing that any return to the petition be filed on or before November 30, 2023.  No return was filed. One Museum Square filed and served a traverse pointing out that no return had been filed, but that did not elicit any reaction from the responding party indicating that their failure to file a return was in error.

Accordingly, there has been no showing of cause why the relief in the petition should not be granted.  The petition for a writ of mandate, filed August 28, 2023, is therefore granted.  A writ of mandate hereby issues directing the superior court to vacate its order of August 10, 2023, accepting the § 170.6 challenge, and to enter a new and different order striking that challenge.  The stay of proceedings is dissolved. Petitioner shall receive its costs on this petition.

NOT TO BE PUBLISHED.


LUI, P. J.

We concur:


ASHMANN-GERST, J.


CHAVEZ, J.


3